## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

RENEE BARNAUSKAS,                          :

         Plaintiff,                          :

                              :    Case No.: _____

     v.                          :

AMERICAN EXPRESS COMPANY,                          :

         Defendant.                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

## NOTICE OF REMOVAL

Defendant American Express Company ("American Express") hereby gives notice of the removal of the action entitled <u>Renee Barnauskas v. American Express Company</u>, Civil Action No. 17CV3163, from the Court of Common Pleas of Lackawanna County, Pennsylvania (the "State Court Action"), to the United States District Court for the Middle District of Pennsylvania.  The State Court Action is removable because this Court has original jurisdiction over the claim in the State Court Action pursuant to 28 U.S.C. § 1331 in that the claim arises under the laws of the United States, namely, the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").  Accordingly, removal is proper pursuant to 28 U.S.C. § 1441(a).

## BACKGROUND

1.      On May 26, 2017, Plaintiff Renee Barnauskas ("Plaintiff") filed a complaint against American Express in the State Court Action.

2.      Plaintiff served American Express by mail pursuant to Rules 403, 404 and 424 of the Pennsylvania Rules of Civil Procedure, by sending the summons and complaint by certified mail to American Express's authorized agent of process, CT Corporation System.  See Pa. R. Civ. P. 403, 404, 424.  Rule 403 of the Pennsylvania Rules of Civil Procedure provides that "[s]ervice is complete upon delivery of the mail."  Pa. R. Civ. P. 403.  Accordingly, service was complete as of July 28, 2017, the date that the certified mailing of the summons and complaint in the State Court Action was delivered to CT Corporation System.

3.      American Express therefore timely files this Notice of Removal pursuant to 28 U.S.C. § 1446(b)(1).  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) (holding that the time to remove under 28 U.S.C. § 1446(b)(1) begins from the date of simultaneous service of the summons and complaint).  Because the last day of the 30-day period to remove fell on Sunday, August 27, 2017, American Express has until the end of the day on Monday, August 28, 2017, to file this Notice of Removal.  See Fed. R. Civ. P. 6(a)(1)(C).

4.      Attached hereto as Exhibit A are copies of all process, pleadings, and orders served upon American Express in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

5.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, American Express will give written notice hereof to Plaintiff and will file a copy of this Notice of Removal with the clerk of the Lackawanna County Court of Common Pleas.

## PARTIES

6.      On information and belief, Plaintiff is domiciled in and a resident of the State of Pennsylvania.

7.      American Express is incorporated in the State of New York, with its principal place of business also in the State of New York.

## JURISDICTION AND VENUE

8.      "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §§ 1441(a).  The United States District Courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

9.      The complaint in the State Court Action asserts a single claim for relief brought under the TCPA, a federal statute. Accordingly, removal is proper under section 1441(a) because the United States District Courts have original jurisdiction over the State Court Action pursuant to section 1331.

10.     Finally, venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Middle District of Pennsylvania "embrac[es]" the Lackawanna County Court of Common Pleas, where the State Court Action is pending.

**WHEREFORE**, American Express, having demonstrated that this Court may properly exercise jurisdiction over this matter, and having timely filed this Notice of Removal, the above entitled action is hereby removed from the Lackawanna County Court of Common Pleas to the United States District Court for the Middle District of Pennsylvania.

**DATED:**    August 28, 2017          MYERS BRIER & KELLY, LLP

By:   /s/ Donna A. Walsh
Donna A. Walsh (PA ID 74833)
dwalsh@mbklaw.com
425 Spruce Street, Suite 200
P.O. Box 551
Scranton, PA 18501
(570) 342-6100
*Attorneys for Defendant*
*American Express Company*

## CERTIFICATE OF SERVICE

I, Donna A. Walsh, hereby certify that a true and correct copy of the

foregoing Notice of Removal was served upon the following counsel of record via

electronic and first-class mail, postage prepaid, on this 28th day of August, 2017:

> Brett Freeman, Esquire
> Sabatini Law Firm, LLC
> 216 N. Blakely Street
> Dunmore, PA  18512

> /s/ Donna A. Walsh